PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000
FACSIMILE (212) 757-3990

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927-1977)

1615 L STREET, NW
WASHINGTON, DC 20036-5694
TELEPHONE (202) 223-7300
FACSIMILE (202) 223-7420

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU TOKYO 100-0011 JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81-3) 3597-8120

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300
FACSIMILE (86-10) 6530-9070/9060

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2536-9933
FACSIMILE (852) 2536-9622

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

WRITER'S DIRECT DIAL NUMBER
212-492-0249

WRITER'S DIRECT FACSIMILE
212-373-3249

WRITER'S DIRECT E-MAIL ADDRESS
kbell@paulweiss.com

MATTHEW W ABBOTT
MARK H ALCOTT
ALLAN J ARFFA
ROBERT A ATKINS
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
RICHARD S BORISOFF
HENK BRANDS
JOHN F BREGLIO
JAMES L BROCHIN
RICHARD J BRONSTEIN
PATRICK S CAMPBELL*
JEANETTE K CHAN
YVONNE Y F CHAN
DOUGLAS A CIFU
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
JAMES M DUBIN
LESLIE GORDON FAGEN
MARC FALCONE
PETER L FELCHER
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
KENNETH A GALLO*
MICHAEL E GERTZMAN
PAUL D GINSBERG
ERIC S GOLDSTEIN
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
JOYCE S HUANG
JEH CHARLES JOHNSON
MEREDITH J KANE
ROBERTA A KAPLAN
BRAD S KARP

JOHN C KENNEDY
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
JOHN E LANGE
DANIEL J LEFFELL
JEFFREY D MARELL
JULIA TARVER MASON
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
TOBY S MYERSON
JOHN E NATHAN
CATHERINE NYARADY
ALEX YOUNG K OH
JOHN J O'NEIL
KELLEY D PARKER
ROBERT P PARKER*
MARC E PERLMUTTER
MARK F POMERANTZ
VALERIE E RADWANER
CAREY R RAMOS
CARL L REISNER
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
STEVEN B ROSENFELD
PETER J ROTHENBERG
RAPHAEL M RUSSO
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
JUDITH R THOYER
DANIEL J TOAL
MARK A UNDERBERG
LIZA M VELAZQUEZ
MARIA T VULLO
LAWRENCE G WEE
THEODORE V WELLS, JR
JORDAN E YARETT
KAYE N YOSHINO
ALFRED D YOUNGWOOD
TONG YU
T ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO NEW YORK BAR

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/08

December 13, 2007

COPY MAILED FAXED TO:
COUNSEL FOR PLTFF(S): ✓
COUNSEL FOR DFT(S): _____
PLTFF PRO SE: _____
DFT PRO SE: _____
DATE: 12/-/-
BY: _____

**VIA HAND**

The Honorable Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Allen v. Sakellardis*, 02 Civ. 4373 (S.D.N.Y.)

Dear Judge Holwell:          **MEMO ENDORSED**

      In accordance with Your Honor's December 7 order, we write to request leave to conduct limited additional discovery that goes to the heart of this case. The sum total of our request amounts to: (1) three four-hour depositions of the defendants; (2) four three-hour depositions of potential witnesses; (3) six interrogatories; and (4) three document requests. We submit that this discovery is critical to our ability to effectively prosecute Mr. Allen's claims, and we believe that, with the cooperation of defendants, this discovery can be completed by February 20, 2008.

      Where, as here, a deadline for discovery has passed,[1] the court-ordered schedule may be modified "upon a showing of good cause[.]" Fed. R. Civ. P. 16(b). "A

MICROFILMED
DEC 28 2007 -3:00 PM

---

[1] The docket states that discovery was "due" on October 22, 2004. However, defendants, themselves, took Mr. Allen's deposition well after this deadline had passed, on March 28, 2005. In a January 25, 2005 conference, Magistrate Judge Freeman noted that the discovery cut-off had passed and that Mr. Allen's deposition

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Richard J. Holwell                                                                 2

finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *see also Gavenda v. Orleans County*, No. 95 Civ. 251 (SC), 1996 WL 377091, at *1 (W.D.N.Y. June 19, 1996) ("The requisite good cause is based on factors such as the diligence *vel non* of the party requesting an extension, bad faith *vel non* of the party opposing such extension, the phase of the litigation and prior knowledge of and notice to the parties."). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *accord Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 103 (S.D.N.Y. 2003); *Pratt v. City Mission Soc'y, Inc.*, No. 97 Civ. 515 (H), 1999 WL 222568, at *1 (W.D.N.Y. Apr.12, 1999).

Here, Mr. Allen can show good cause for this application. As the Court is aware, Mr. Allen is incarcerated in federal prison and until very recently was proceeding *pro se* in this action. It is well-established that a party appearing without counsel is should be afforded "extra leeway" in meeting the procedural rules governing litigation, including discovery. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997). Moreover, courts have recognized the unique logistical difficulties that prisoners who are *pro se* confront in conducting discovery, and, especially, in their ability to take deposition testimony. *See, e.g., Narvaez v. MDC*, No. 92 Civ. 4748 (CSH), 1993 WL 541672, at *1-2 (S.D.N.Y. Dec. 27, 1993) (noting these "logistical difficulties," and reopening discovery for *pro se* prisoner who served a set of interrogatories and a request for production of documents after the discovery cut-off); *Cerniglia v. County of Sacramento*, No. 99 Civ. 1938 (JKS), 2007 WL 2456073, at *1 (E.D. Cal. Aug. 24, 2007) ("Although the Court is reluctant to reopen discovery *carte blanche* . . . the Court is also cognizant of the fact that *pro se* prisoners are *severely hampered* in their ability to take deposition testimony.") (emphasis added).

Despite Mr. Allen's *pro se* status prior to November 20, he consistently complied with the deadlines for written submissions and made every effort to "play by the . . . rules" applicable to discovery in federal civil litigation. *See McDonald v. Head Criminal Court Supervisor*, 117 F.R.D. 55, 58 (S.D.N.Y. 1987). The transcripts of conferences before Magistrate Judge Freeman[2] reveal that Mr. Allen was both diligent and thoughtful in his attempts to collect evidence to support his claims through

---

"was going to be the exception" (Transcript of Conference before Hon. Debra Freeman dated Jan. 25 2005, at 34:24-25).

[2] We rely on the transcripts of conferences before Magistrate Judge Freeman because we have not yet received copies of the actual discovery demands exchanged.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Richard J. Holwell                                                            3

discovery.[3] In fact, as detailed further below, the instant application for limited additional discovery rests, in part, on the fact that many of Mr. Allen's own prior discovery requests appear to remain unresolved or unanswered.

The instant application also seeks certain limited discovery that Mr. Allen was unable to conduct within the prescribed period of time due to the logistical difficulties that he faced as a *pro se* prisoner plaintiff. See *Narvaez*, 1993 WL 541672, at *1-2; *Cerniglia*, 2007 WL 2456073, at *1. Now that Mr. Allen has been appointed counsel to represent him, he should be afforded a limited opportunity to fill in the critical remaining gaps in discovery so that he can effectively present his case at trial. See, *e.g.*, *Haywood v. Koehler*, 78 F.3d 101, 103 (2d Cir. 1996) (after *pro se* prisoner in § 1983 action conducted some discovery and case was placed on the trial ready calendar, district court ordered appointment of pro bono counsel, and, at the request of counsel, permitted the depositions of the defendant officers several months before trial); *Ruffin v. Fuller*, 125 F. Supp. 2d 105, 108 (S.D.N.Y. 2000) (*pro se* prisoner plaintiff in § 1983 action was appointed pro bono counsel, and the court "subsequently permitted counsel to amend the complaint and conduct additional discovery"); *Cerniglia*, 2007 WL 2456073, at *1 (granting counsel's request to reopen discovery for a period of 90 days to permit taking of deposition testimony after *pro se* prisoner plaintiff was appointed pro bono counsel).

Specifically, we request, first and foremost, leave to conduct four-hour depositions of each of the three defendants in this case. As noted above, *supra* note 1,

---

[3] See, *e.g.*, Transcript of Conference dated July 15, 2003, at 6:16-19 (discussing Mr. Allen's discovery demands); Transcript of Conference dated Oct. 31, 2003, at 5:16-23 (same); Transcript of Conference dated Dec. 12, 2003, at 6:19-22 (Mr. Allen, stating "I tried to add an expansion of the discovery concerning. . .video cameras. I haven't received any response to that."); *id.* at 9 (Mr. Allen, stating that he asked for "all records" regarding the events, and explaining that he subsequently requested videotapes specifically because he was not sure that the prior requests were broad enough to cover tapes); Transcript of Conference dated May 14, 2004, at 3:10-11 (discussing status of discovery and fact that "all of the documents" had been exchanged); *id.* at 4:18-19 (Mr. Allen's request for photos of the injuries purportedly sustained by defendant Merced, and Judge Freeman's approval this request); *id.* at 7:17-19 (Mr. Allen's request for information concerning the officer who was monitoring the surveillance cameras on the date of the incident); *id.* at 10:16-25 (Judge Freeman's direction that defendants "find out" who the person watching the cameras was and "whether that person has any recollection" of the incident); Transcript of Conference dated January 25, 2005, at 34:4-22 (Mr. Allen, reiterating his request for any photographs of any purported injuries, and stating that defendants had not responded); Transcript of Conference dated Feb. 9, 2005, at 5:8-19 (same).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Richard J. Holwell                                            4

defendants have already taken Mr. Allen's deposition – and they were permitted to do so five months after the discovery cut-off had passed. Because this case presents a clear factual dispute between the parties, and defendants have not even submitted affidavits as part of the summary judgment proceeding, defendants' depositions are critical to Mr. Allen's ability to present his case at trial.

Second, we request that Mr. Allen be permitted to take three-hour depositions of the following four individuals, who are also critical to Mr. Allen's effective presentation of his case at trial:

(1) the nurse that examined Mr. Allen's head on April 16, 2001;

(2) the nurse that examined Officer Merced's knee on April 16, 2001;

(3) the individual monitoring relevant video surveillance cameras at the relevant time on April 16, 2001; and

(4) the sole female corrections officer working Intake at the relevant time on April 16, 2001.

Third, we seek leave to serve interrogatories that either relate to the determination of the identity of the proposed deponents, or to prior requests made by Mr. Allen that appear to remain unresolved or unanswered, *see supra* note 3. The proposed interrogatories will seek to learn:

(1) the identity of above-mentioned proposed deponents (1) – (4);

(2) the existence of video surveillance cameras in the area where the incident occurred, and the existence of video tapes from any cameras from April 16, 2001; and

(3) the existence of any photographs taken of Officer Merced's knee on April 16, 2001.

Finally, we seek leave to serve document requests for the following:

(1) color duplicates of any photographs taken of Officer Merced's knee on April 16, 2001;

(2) color duplicates of the photographs of Mr. Allen's head taken on April 16, 2001 (only poor-quality photocopies have been provided); and

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Richard J. Holwell                                                                 5

    (3) a floor plan or map of the area where the incident took place on April 16, 2001.

    As stated at the outset, if these requests are granted, we believe that the additional discovery can be completed, with the cooperation of defendants, by February 20. We are aware that defendants will oppose this request in the first instance, in part on the basis of prejudice to the defendants Mr. Allen seeks to depose.[4] However, in light of the good cause that Mr. Allen has shown for the application – the general diligence with which he conducted discovery and his practice of compliance with court-ordered deadlines; the severe limitations he faced in conducting adequate discovery, and especially depositions, as a *pro se* prisoner; and the recent appointment of pro bono counsel to represent Mr. Allen at trial – any prejudice to defendants should not be dispositive here. *See Johnson*, 975 F.2d at 609.

    For all of the foregoing reasons, we respectfully request that the Court grant Mr. Allen's request for limited additional discovery.

                 Respectfully submitted,

                  Koren Bell

cc: Elizabeth M. Daitz, Esq. (via pdf mail)

[Handwritten order:] Application Granted in part. Plaintiff may take three hour depositions of the three defendants. The Court notes defense counsel's undertaking to provide limited additional information in her letter of Dec. 20, 2007. Supplemental discovery to be completed by Feb. 20, 2008. Oral argument on defendants' pending motion to be heard on March 14, 2008 at 4:00 p.m.

[Stamp: U.S. DISTRICT COURT FILED DEC 28 2007 S.D. OF N.Y.]

SO ORDERED
[signature]
USDJ
12/27/07

---

[4] Though defendants have stated their intention to take a hard line on the discovery cut-off in this context, it should be noted that defendants themselves recently sought, and were permitted to file, a request for revision of the Court's summary judgment decision under Fed. R. Civ. P. 54(b) notwithstanding the fact that the "new evidence" proffered by defendants was actually in existence *before* they moved for summary judgment.