UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JAMEL "ABDULA" ALLEN,

                                      Plaintiff,

-against-

CAPT. SAKELLARDIS, C.O. CRESPO, and C.O. MERCED,

                                   Defendants.
------------------------------------------------------------X

**AFFIDAVIT OF JOSEPH LAKE**

02 Civ. 4373 (RJH)(DCF)

       **JOSEPH LAKE**, being duly sworn, hereby deposes and states under penalty of perjury that the following is true and correct:

1.     I am presently a Deputy Chief in the Parole Violations Unit of the New York State Division of Parole.

2.     I have been employed by the Division of Parole since December 1, 1983.

3.     Prior to my promotion to Deputy Chief, I served the Division of Parole as a Parole Revocation Specialist from May 24, 1990 through July 3, 2003.

4.     As a Parole Revocation Specialist, my duties included, but were not limited to, acting as an advocate for the Division of Parole in the Parole Revocation process.

5.     The Parole Revocation process constitutes, in relevant part, the evaluation, preparation and presentation of cases in a quasi-judicial setting, including the negotiation of settlements of charges in accordance with agency policy and procedures, taking into account the parolee's criminal and supervision history.

6.     On June 1, 2001, acting as a Parole Revocation Specialist, I appeared before Administrative Law Judge Luis Meringolo at Rikers Island, in *In the Matter of the Parole Revocation Hearing of Jamel Allen, Parolee*, NYSID No. 6146663R.

7.     I have since reviewed the transcript of that hearing.

8.     As such I am familiar with the facts set forth herein.

9.  Jamel Allen was admitted to the New York State Department of Correctional Services on May 10, 1996 and commenced a New York State New York County Supreme Court indeterminate sentence of three years to six years under indictment # 1883-96.

10. In March of 1999, inmate Allen was released to parole supervision.

11. On April 27, 1999, inmate Allen was arrested by New York Police Department on state and federal weapons charges.

12. Because inmate Allen was on parole when he was arrested on April 27, 1999, the New York State Division of Parole issued a Declaration of Delinquency against him on the date of his arrest.

13. At the time of my appearance at Jamel Allen's parole revocation hearing on June 1, 2001, it was my understanding that Jamel Allen had been convicted of the federal weapons charge stemming from his April 27, 1999 arrest for possession of an AK-47 rifle.

14. The Declaration of Delinquency issued by the New York State Division of Parole also charged Jamel Allen with possessing an AK-47 rifle on April 27, 1999, in violation of rule nine of the rules governing parole.

15. A violation of rule nine of the rules governing parole could, standing alone, result in the imposition of a hold to the maximum expiration of a sentence, because such a charge is considered a violation of parole in an important respect.

16. As a result of the federal weapons conviction (on the same facts at issue in the matter Jamel Allen's parole revocation), all parties agreed that Jamel Allen would plead guilty to a violation of rule nine of the rules governing parole at the June 1, 2001 parole revocation hearing.

17.     As a result of Jamel Allen's guilty plea to a charge that would already result in a hold to the maximum expiration of the sentence, the Division of Parole agreed to withdraw the remaining charges with prejudice.

18.     At the June 1, 2001 hearing, all parties agreed that the Administrative Law Judge would impose a hold of the maximum expiration of the previously imposed three to six year sentence under indictment # 1883-96.

19.     On June 1, 2001, it was my understanding that, as a result of the revocation of Jamel Allen's parole, Jamel Allen would serve the remainder of his state sentence in state custody up until the time the state relinquished custodial jurisdiction over him.

20.     On June 1, 2001, I did not have the intent, understanding or belief that, as a result of an offer I allegedly made on behalf of the State of New York, Jamel Allen would serve the maximum time remaining on his state sentence in federal custody concurrent with his federal sentence.

21.     As a Parole Revocation Specialist for the New York State Division of Parole, I did not have the authority to offer to waive, or to waive, New York State's primary custodial jurisdiction over any inmate in exchange for a guilty plea on any parole violation charge.

22.     Specifically with respect to inmate Jamel Allen, I did not, at any time, negotiate a plea agreement whereby I offered on behalf of the State of New York to waive primary custodial jurisdiction over inmate Allen.

23.     As a Parole Revocation Specialist for the New York State Division of Parole, I did not have the authority to offer any inmate concurrent Federal and State sentences in exchange for a guilty plea on any parole violation charge.

-3-

24. Specifically with respect to inmate Jamel Allen, I did not, at any time, offer inmate Allen concurrent Federal and State sentences in exchange for his guilty plea on the charge of violating rule nine of the rules governing parole.

25. As a Parole Revocation Specialist for the New York State Division of Parole, I did not have the authority to offer any inmate incarceration in a jurisdiction other than the State of New York in exchange for a guilty plea on any parole violation charge.

26. Specifically with respect to inmate Jamel Allen, I did not, at any time, offer inmate Allen incarceration in federal custody, notwithstanding the State's priority of jurisdiction over him, in exchange for a guilty plea on the charge of violating rule nine of the rules governing parole.

27. At no time did I promise Jamel Allen that he would serve his state sentence concurrent with his federal sentence in federal custody.

Dated: New York, New York
        Jan. 18, 2008

_____
JOSEPH LAKE

Subscribed to and sworn
before me this 18th day of JAN, 2008.

_____
Notary Public

- 4 -