



JAN -9- 2008

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ELIZABETH M. DAITZ
Assistant Corporation Counsel
Phone: (212) 788-0775
Fax:(212) 788-9776
E-mail: edaitz@law.nyc.gov

January 10, 2008

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/08
```

**VIA FACSIMILE**
Honorable Richard J. Holwell
United States District Judge
Southern District of New York
500 Pearl St.
New York, New York 10007

Re:   Allen v. Sakellaridis, et al., 02 Civ. 4373 (RJH)(DCF)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants Sakellaridis, Crespo and Merced, assigned to the defense of the above-referenced matter. Plaintiff alleges, *inter alia*, that he was maliciously prosecuted and subjected to excessive force. I write to respectfully request revision of the pre-trial schedule as set forth in the Court's Orders of November 27, 2007 and January 9, 2008. Plaintiff also requests modification of these scheduling orders, though the parties differ on the requested alternatives.

      In their letters dated September 13, 2007, and November 13, 2007, defendants set forth the rationale for adjourning the remaining pre-trial deadlines, specifically the exchange of exhibits, the filing of motions *in limine*, proposed jury instructions, and proposed *voir dire*, until such time as the issue of the viability of plaintiff's malicious prosecution claim has been decided by the Court. In large part, defendants' previous requests were based upon the expenditure of government and judicial resources required to continue to prepare for trial on a claim that defendants believe is no longer viable.[1] These resources, as fully set forth in defendants' previous

---

[1] Defendants will address the merits of plaintiff's second opposition brief in their reply brief, to be filed on or before January 22, 2008. However, it is sufficient, for the limited purpose of this application, to state that the facts and the law as set forth in plaintiff's recently filed second opposition brief have not altered defendants' position that plaintiff's malicious prosecution claim remains unviable.

- 1 -

applications, include but are not limited to motion practice on evidentiary issues, preparation and transportation of a federal government witness from Grand Prairie, Texas, preparation and transportation of a New York State DOCS witness from Albany, New York, and the preparation of a witness from the Bronx County District Attorney's Office. Notably, as plaintiff is now represented by Paul, Weiss, Rifkind, Wharton & Garrison LLP, the Court should also consider plaintiff's counsel's own investment of resources in preparation for a trial on plaintiff's uniquely complex malicious prosecution claim. Because defendants bear some risk of liability for plaintiff's attorneys' costs and fees, it would be prejudicial to *all* parties for plaintiff's counsel to invest significant resources in preparing for trial on a claim that may be dismissed as a matter of law.

This Court granted defendants' previous requests to adjourn the pre-trial deadlines, as well as the trial, giving the parties sufficient time to prepare for trial after an anticipated decision on the then fully briefed motion. Accordingly, the motion was fully briefed as of November 6, 2007, more than two months before the then-scheduled trial date of January 14, 2008. However, since that time, the Court granted plaintiff's new counsels' request to file an additional opposition to defendants' pending motion. Consequently, because of the newly extended briefing schedule, oral argument on the motion at issue is now scheduled for the Friday before the March 17, 2008 trial date, notwithstanding the January 18, 2008 deadline for the exchange of exhibits, the filing of motions *in limine*, proposed jury instructions, and proposed voir dire. At present, this schedule places the parties (and state and federal non-parties) in the same difficult position of investing significant resources in preparation for trial on a complex claim that defendants continue to believe is not viable.

Plaintiff also notes that the additional depositions granted recently by the Court make the January 18 exchanges impractical, too.

Additionally, defendants remain willing to attempt to settle this matter prior to trial in the event this Court dismisses plaintiff's malicious prosecution claim. If the Court reached such a decision on the eve of trial, defendants would be hard-pressed to engage in substantive settlement negotiations with plaintiff at that time, largely due to the necessary involvement of supervisors in the Corporation Counsel's Office, as well as the Comptroller's Office. As such, it is defendants' belief that it would be beneficial to all parties, as well as the Court, to afford the parties a period of time, subsequent to a decision on defendants' pending motion, to actively engage in settlement discussions (potentially with the assistance of Magistrate Judge Freeman).

The parties remain committed to ensuring that this matter progresses without undue delay. However, defendants are mindful of any potentially unnecessary use of the city, state, and federal governments' limited resources. Although all parties agree that, for the aforementioned reasons, it is in their best interests to revise the present schedule, the parties' positions differ as to how best to achieve their mutual goal.

Defendants respectfully request that the Court set a briefing schedule permitting the parties two weeks from the date of a decision on defendants' motion in order to exchange complete set of exhibits, deliver two complete sets of documentary

exhibits, jury instructions and *voir dire* to chambers and file their motions *in limine*. That same two-week period would permit the parties to engage in settlement discussions and/or attend a settlement conference before the Magistrate. Additionally, defendants respectfully request thirty days from the pre-trial submission date to prepare for trial on any claims that may remain in this case at that time.

Plaintiff opposes deadlines that are tied to the point of a decision on the pending motion. Plaintiff's position is that such floating trial-ready and pre-trial exchange deadlines are difficult to plan around, and requests dates certain for purposes of planning the schedules of the Court, counsel and witnesses. Plaintiff proposes that the Court fix new dates when we next appear before Your Honor on March 14, or set dates certain for these events now (excluding, please, the last week of June or the last two weeks of August). Plaintiff also submits that two weeks from the date of decision on the pending motion is not enough time to make the required pre-trial exchanges.

Thank you for your time and consideration herein.

*Application granted in part. A revised schedule for the trial of the action will be considered at the 3/14 hearing. All due dates are adjourned sine die pending the hearing.*

Respectfully submitted,

Elizabeth M. Daitz (ED 1324)

*SO ORDERED*

*USDJ*
*2/1/08*

cc: Koren Bell, Esq (via fax and e-mail)
Jeh Johnson, Esq (via e-mail)
Sarah Parkel, Esq (via e-mail)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

- 3 -